# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:20-cv-52-MOC-DSC

| | |
|---|---|
| THE CATO CORPORATION, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)     **ORDER** |
| CONSULTATIVE SALES PROFESSIONALS, LLC, d/b/a CYCLE UP SUPPLY CHAIN SERVICES, CAROLINA NATIONAL TRANSPORTATION, LLC, and FREIGHTMASTER USA, LLC, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion to Dismiss, filed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the counterclaims asserted by Defendant Consultative Sales Professionals, LLC, d/b/a Cycle Up Supply Chain Services ("Cycle Up"), against Plaintiff based on Defendant's failure to prosecute Defendant's Counterclaims and failure to comply with the Court's order to retain replacement counsel. (Doc. No. 39). For the reasons set for therein, the motion will be granted.

### I. BACKGROUND AND DISCUSSION

On January 26, 2020, Plaintiff filed a Complaint in this Court seeking relief against Defendant Cycle Up for breach of contract and unjust enrichment. On February 28, 2020, a default was entered against Defendant after failed to respond to Plaintiff's complaint. (Doc. No. 10). The entry of default was set aside on June 16, 2020, after Plaintiff consented to Defendant's motion to set aside the entry of default. (Doc. No. 18).

On July 7, 2020, Defendant filed counterclaims against Plaintiff, seeking to recover for an alleged breach of contract or, in the alternative, for unjust enrichment. (Doc. No. 19). On April 23, 2021, this Court granted the motion of Defendant's counsel to withdraw as counsel of record for Defendant (the "Withdrawal Order"). (Doc. No. 33). In the Withdrawal Order, the Court ordered Defendant to secure replacement counsel and have them file an entry of appearance within thirty days of the Withdrawal Order (May 23, 2021). (Id.).

The Withdrawal Order explicitly stated that "[i]n the event Defendant does not secure replacement counsel within this period of time, Plaintiff may file a motion requesting appropriate relief based upon Defendant's failure to retain counsel." (Id.). Defendant failed to secure replacement counsel by the deadline required by the Withdrawal Order, and default was entered against Defendant on June 1, 2021. (Doc. No. 37).

Defendant still has not secured replacement counsel. Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action or claim "for failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court." FED. R. CIV. P. 41(b). An action may be dismissed by the court "either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion." McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976). Further, even in the absence of a motion under Rule 41(b), district courts retain an "inherent power" to dismiss "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962).

Defendant has failed to comply with the Withdrawal Order and to prosecute the Counterclaims. Defendant's failure to retain replacement counsel has prevented this case from

moving forward, and dismissal under Rule 41(b) is warranted.[1]

      **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaims for Lack of Prosecution, (Doc. No. 39) is **GRANTED**, and Defendant's counterclaims are dismissed without prejudice.

Signed: July 22, 2021

Max O. Cogburn Jr
United States District Judge

---

[1] Plaintiff also contends that dismissal is warranted because Defendant agreed to dismiss and is obligated to dismiss the Counterclaims pursuant to a settlement agreement it executed on February 23, 2021 (the "Settlement Agreement"). Because this Court does not have access to the settlement agreement, and it has not been presented to the Court as an exhibit, the Court makes no findings as to this argument by Plaintiff.