UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-52-MOC-DSC

| | |
|---|---|
| THE CATO CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CONSULTATIVE SALES ) | |
| PROFESSIONALS, LLC, d/b/a CYCLE ) | |
| UP SUPPLY CHAIN SERVICES, ) | |
| CAROLINA NATIONAL ) | |
| TRANSPORTATION, LLC, and ) | |
| FREIGHTMASTER USA, LLC, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on a Motion to Dismiss by Defendant Freightmaster USA, LLC, filed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the counterclaims asserted by Defendant Consultative Sales Professionals, LLC, d/b/a Cycle Up Supply Chain Services ("Cycle Up"), against Defendant Freightmaster based on Cycle Up's failure to prosecute Defendant's Counterclaims and failure to comply with the Court's order to retain replacement counsel. (Doc. No. 41). For the reasons set for therein, the motion will be granted.

I. **BACKGROUND AND DISCUSSION**

On November 25, 2020, Cycle Up filed its Amended Crossclaims against Freightmaster. (Doc. No. 29). On April 23, 2021, this Court granted the motion of Cycle Up's counsel to withdraw as counsel of record for Defendant (the "Withdrawal Order"). (Doc. No. 33). In the Withdrawal Order, the Court ordered Cycle Up to secure replacement counsel and have them file an entry of appearance within thirty days of the Withdrawal Order (May 23, 2021). (Id.).

The Withdrawal Order explicitly stated that "[i]n the event Defendant does not secure

replacement counsel within this period of time, Plaintiff may file a motion requesting appropriate relief based upon Defendant's failure to retain counsel." (Id.). Cycle Up failed to secure replacement counsel by the deadline required by the Withdrawal Order, and default was entered against Cycle Up on June 1, 2021. (Doc. No. 37).

Cycle Up still has not secured replacement counsel. Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action or claim "for failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court." FED. R. CIV. P. 41(b). An action may be dismissed by the court "either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion." McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976). Further, even in the absence of a motion under Rule 41(b), district courts retain an "inherent power" to dismiss "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962).

Cycle Up has failed to comply with the Withdrawal Order and to prosecute the Counterclaims against Freighmaster. Defendant's failure to retain replacement counsel has prevented this case from moving forward, and dismissal under Rule 41(b) is warranted.

**IT IS THEREFORE ORDERED** that Freightmaster's Motion to Dismiss Cycle Up's Counterclaims for Lack of Prosecution, (Doc. No. 41) is **GRANTED**, and Cycle Up's counterclaims are dismissed without prejudice.

Signed: July 22, 2021

Max O. Cogburn Jr
United States District Judge